**Stephen J. Joncus**, OSB No. 013072
Email:  steve@joncus.net
JONCUS LAW LLC
P.O. Box 838
Clackamas, Oregon 97015
Telephone:  971-236-1200

*Attorney for Plaintiff*
*VINCENT L. WEBB*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VINCENT L. WEBB**, an individual, | Civil No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATION OF PERMANENT INJUNCTION, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT, and FRAUD** |
| **MARLON RECREATIONAL PRODUCTS USA, LTD.**, a Washington corporation, **MARLON RECREATIONAL PRODUCTS LTD.**, a Canadian corporation, **BRUCE CAMERON**, an individual, **PREMIER PLUS ENTERPRISES INCORPORATED**, an Oregon corporation, **RICK BARNES**, an individual, **STEVEN RESCH**, an individual, and **MARTY DOTTERWEICH**, an individual, | |
| | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Vincent L. Webb, for his causes of action against Defendants, alleges as follows:

1.      In August 2011, the U.S. District Court for the District of Oregon issued a permanent injunction against Changzhou Nanxiashu Tool Co., Ltd. prohibiting it from among other things manufacturing, importing, and selling utility trailers according to Mr. Webb's proprietary designs.

2.      However, in recent years, trailers manufactured by Changzhou from Mr. Webb's designs have been imported into the United States in violation of the injunction.

3.      The Defendants named in this lawsuit have participated in violating the injunction by importing and selling these trailers. Additionally, these Defendants' actions constitute unfair competition, false designation of origin, trademark infringement, copyright infringement, and fraud.

## JURISDICTION

4.      This is a suit for violation of a permanent injunction, unfair competition, trademark infringement and false designation of origin under 15 U.S.C. Sections 1051 et seq. (the "Lanham Act"), and copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act").

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over each Defendant because each of these Defendants have committed acts in this district or directed at this district constituting or contributing to the infringement alleged, so that a substantial part of the acts and events giving rise to the claims occurred in, or were directed at, this judicial district.

COMPLAINT                                                                                          Page 2

## PARTIES

7.      Plaintiff Vincent L. Webb ("Vince Webb" or "Mr. Webb") is an individual who resides in Grants Pass, Oregon. Mr. Webb is the exclusive owner of the federally registered trademarks UtilityMate® (Reg. No. 3,255,766), UtilitySport® (Reg. No. 3,278,153), "BUILD IT AND SAVE"® (Reg. No. 4458788), and "4 in 1"® (Reg. No. 4582732), and the common law trademark "UtilityDump"™.  Mr. Webb is also the owner of statutory copyrights for UtilityMate® Trailer Owner's Manuals (Reg. No. TX0007187973), and UtilityMate® Web Site, Product Catalog, Sales Material & Package Artwork (Reg. No. TX0007748097).

8.      Defendant Marlon Recreational Products USA Ltd. ("Marlon USA") is a corporation registered in Washington State with its principal place of business at 5309 84th Street E, Tacoma, WA 98466.

9.      Defendant Marlon Recreational Products Ltd. ("Marlon Canada") is a Canadian corporation with its principle place of business at 7984 Venture Place, Chilliwack, British Columbia V2R 0K2 Canada.

10.      Defendant Bruce Cameron is an individual with an office at 7984 Venture Place, Chilliwack, British Columbia V2R 0K2 Canada. (Marlon USA, Marlon Canada, and Bruce Cameron will collectively be referred to as "Marlon").

11.      Defendant Premier Plus Enterprises Incorporated ("Premier Plus Enterprises") is an Oregon corporation with its principle place of business at 23995 N Highway 99W, Newberg, Oregon 97132.

12.      Defendant Rick Barnes is the President of Premier Plus Enterprises Incorporated and resides at 19245 SW 198th Place, Sherwood, OR 97140. (Premier Plus Enterprises Incorporated and Rick Barnes will collectively be referred to as "Premier Plus").

13.     Defendant Steven Resch is an individual residing at 29296 SW Heater Road, Sherwood, Oregon 97140.

14.     Defendant Marty Dotterweich is an individual residing at 502 Rancho La Mirada Lane, Escondido, CA 92025.

### FACTS COMMON TO ALL CLAIMS

15.     Mr. Webb is the President of Trailers Intl LLC (formerly named Utility Mate LLC), and has been in the business of designing, developing, and selling utility trailers since 2004.  Mr. Webb conducts his utility trailer business primarily from his office and warehouse facility located in Grants Pass, Oregon.

16.     Mr. Webb is the exclusive owner of copyrights related to his genuine trailers and possesses copyright registrations with the United States Copyright Office relating to the same, including U.S. Copyright Registration Numbers TX 7-187-973 and TX 7-748-097.  The table below provides details regarding the '973 and '097 registrations.

| '973 | '097 |
|---|---|
| **Reg. No.**: TX 7-187-973<br>**Effective Registration Date**: 02/05/2010<br>**Title**: UtilityMate® Trailer Owner's Manuals<br>**Authorship**: text, photograph(s), artwork | **Reg. No.**: TX 7-748-097<br>**Effective Registration Date**: 06/18/2013<br>**Title**: UtilityMate® Web Site, Product Catalog, Sales Material & Package Artwork<br>**Authorship**: text, photograph(s), computer program, artwork |

17.     Mr. Webb is the exclusive owner of United States Trademark Registration Numbers 3,226,766, 3,278,153, 4,458,788, and 4,582,732, collectively, "Plaintiff's federally registered marks."  The table below provides details regarding Plaintiff's federally registered marks.

| Registration Data | Mark |
|---|---|
| **Word Mark**: UTILITYMATE®<br>**Filing Date**: June 6, 2005<br>**Registration Number**: 3226766<br>**Registration Date**: April 10, 2007 |  |

| | |
|---|---|
| **Word Mark**: UTILITYSPORT<br>**Filing Date**: October 2, 2005<br>**Registration Number**: 3278153<br>**Registration Date**: August 7, 2007 | **UtilitySport** |
| **Word Mark**: BUILD IT AND SAVE<br>**Filing Date**: May 14, 2013<br>**Registration Number**: 4458788<br>**Registration Date**: December 13, 2013 | BUILD IT AND SAVE |
| **Word Mark**: 4 IN 1<br>**Filing Date**: May 14, 2013<br>**Registration Number**: 4582732<br>**Registration Date**: August 12, 2014 | 4 in 1 |

18.    Mr. Webb began designing utility trailers in response to a marketplace demand for a high quality, reasonably priced, utility trailer. Mr. Webb's utility trailer design offers many advantages to sellers and buyers, for example, each trailer is delivered and sold in the box, making it easier to ship, store, and track logistically.

19.    Genuine UtilityMate® trailers are designed to exceed with the standards of the United States Department of Transportation ("DOT") as well as the requirements and best practices of the National Highway Traffic Safety Administration ("NHTSA").

20.    Mr. Webb has worked years developing a good reputation for his brands.  Product quality and integrity are priorities for Mr. Webb, as is customer safety. In addition to the DOT and NHTSA standards and best practices, Mr. Webb has set additional quality control and product integrity standards that each trailer must satisfy before Plaintiff will approve it for sale.

21.    At one time (beginning in 2005 and ending in 2008), Changzhou Nanxiashu Tool Co., Ltd. ("Changzhou") was licensed to manufacture UtilityMate® trailers using Mr. Webb's designs, drawings, and tooling. These designs, drawings, and tooling constitute trade secrets owned by Mr. Webb. Changzhou also was licensed during this period to use Mr. Webb's copyrights and trademarks.

COMPLAINT                                                                                      Page 5

22.     Genuine UtilityMate® trailers and components are manufactured and assembled using high quality materials, for example: the tail lights and side markers of UtilityMate® trailers use LED technology sourced from a NHTSA authorized manufacturer; the tires are compliant with DOT requirements; the wire harnesses are housed in a protective, insulated sleeve to protect against wear and outside elements; and the trailer frames are made from high quality metals. Genuine UtilityMate® trailer kits are delivered with all the necessary parts and instructions for assembly of the trailer by the end-user.

23.     Due to Changzhou's repeated failures to meet Plaintiff's product quality and integrity standards, Plaintiff terminated its licensing agreement with Changzhou in November 2008.

24.     Sometime after termination of the agreement between Plaintiff and Changzhou, Plaintiff discovered that Changzhou had resumed the manufacture of UtilityMate® trailers using Mr. Webb's designs, drawings, and tooling for import into the United States.

25.     The trailers manufactured and imported by Changzhou were identical to Plaintiff's trailers, but were unauthorized counterfeits. Changzhou sold the counterfeit trailers in direct competition with Plaintiff's genuine trailers, but at a much lower price.

26.     The Changzhou counterfeit trailers caused customer confusion as to the origin of the trailers.  In June, 2011, Plaintiff brought a complaint against Changzhou in the District of Oregon.  Changzhou failed to appear, and on August 19, 2011 the Court entered a Default Judgment and Permanent Injunction against Changzhou.  Case No. 3:11-cv-00747-BR, Dkt. No. 16. (the "Permanent Injunction").

27.     Among other things, the Permanent Injunction prohibited Changzhou "and all other persons in active concert or participating with them" from selling or importing trailers manufactured from Mr. Webb's designs, drawings, and tooling of UtilityMate® trailers.

<u>Infringement by Marlon</u>

28.     Bruce Cameron knew in 2011 of the Permanent Injunction entered on August 19, 2011.

29.     Not long after the Permanent Injunction issued Bruce Cameron spoke with Vince Webb by telephone and was informed by Mr. Webb of the Permanent Injunction. In his conversations with Vince Webb, Bruce Cameron misled Mr. Webb about his importation of trailers after the Permanent Injunction. Mr. Cameron told Mr. Webb that he was not importing trailers from Changzhou. Vince Webb relied on Mr. Cameron's representation and did not pursue legal action at that time.

30.     On information and belief, Bruce Cameron, Marlon Canada, and Marlon USA never intended to stop importing infringing trailers from Changzhou. Since the issuance of the Permanent Injunction, Bruce Cameron, Marlon Canada, and Marlon USA have regularly imported into Canada and the United States infringing trailers manufactured by Changzhou.

31.     On information and belief: a container of infringing trailers manufactured by Changzhou was received by Marlon in Seattle, Washington on December 14, 2011; a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on December 18, 2011; a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on May 14, 2012.

32.     On information and belief: a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on July 26, 2012; a

container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on September 17, 2012; a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on September 22, 2013.

33.     On information and belief: a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on October 30, 2013; a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on January 13, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on March 24, 2014.

34.      On information and belief: a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on April 5, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on April 27, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on May 23, 2014.

35.     On information and belief: a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on July 17, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on July 18, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on August 2, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on August 17, 2014.

36.     On information and belief: a container of infringing trailers manufactured by Changzhou was received by Marlon in Vancouver, British Columbia on September 21, 2014; a container of infringing trailers manufactured by Changzhou was received by Marlon in Seattle, Washington on January 31, 2015; a container of infringing trailers manufactured by Changzhou was received by Marlon in Tacoma, Washington on October 1, 2015.

37.     Marlon's infringement of Mr. Webb's intellectual property rights includes the display availability of infringing manuals and photographs on its website. Among other things, Bruce Cameron has advertised on the Marlon website trailers that have been banned by the Permanent Injunction using Mr. Webb's copyright images.

38.     Under Bruce Cameron's direction, Marlon has acted with a purpose to harm Vince Webb's business.

### Infringement by Steven Resch

39.     At the time that the Permanent Injunction was entered, Steven Resch was still working cooperatively with Vince Webb in the trailer importation business. Steven Resch was well informed about the lawsuit against Changzhou and the Permanent Injunction that issued.

40.     Steven Resch knew in 2011 of the Permanent Injunction entered on August 19, 2011.

41.     Steven Resch is a broker who is very familiar with Mr. Webb's intellectual property. He holds himself out to Chinese manufacturers as a sales agent capable of importing light duty utility trailers into the United States.

42.     Steven Resch does not import under his own name because he knows that these importations are illegal. Rather than import under his own name, Mr. Resch has sought others to

put their names on the import records. For instance, Mr. Resch persuaded Mr. Barnes to import and sell the contents of two containers of trailers that violate the Permanent Injunction.

43.     Mr. Resch arranged deals to import trailers that infringed Mr. Webb's intellectual property rights and the Permanent Injunction.

<u>Infringement by Marty Dotterweich</u>

44.     Between May 2005 and June 2008, Changzhou manufactured thousands of authorized UtilityMate® and UtilitySport® trailers for import into the United States. Marty Dotterweich was the agent for Changzhou for the importation of these trailers. However, due to Changzhou's failure to maintain quality standards, the contract with Changzhou was terminated in 2008.

45.     Since the termination of the contract, Marty Dotterweich had shown a propensity to violate Vince Webb's intellectual property. In 2009, Vince Webb discovered that Marty Dotterweich and Changzhou were conspiring to manufacture and import UtilityMate® trailers, passing them off as Changzhou trailers, sometimes under the name "Big Boy."

46.     As the agent for Changzhou, Marty Dotterweich was well aware in 2011 of the lawsuit against Changzhou and the resulting injunction. Mr. Webb personally informed Mr. Dotterweich of the Permanent Injunction.

47.     Marty Dotterweich is again conspiring with others to import trailers in violation of the Permanent Injunction. Mr. Dotterweich has the contacts within Changzhou that Steve Resch and Rick Barnes lack. Marty Dotterweich, Steven Resch, and Rick Barnes have worked together to arrange for the importation of infringing trailers from Changzhou after the Permanent Injunction issued.

<u>Infringement by Premier Plus</u>

48.    Rick Barnes knows both Marty Dotterweich and Steven Resch.

49.    Premier Plus did business with Steven Resch to import and sell trailers manufactured by Changzhou. Premier Plus did business with Marty Dotterweich to import and sell trailers manufactured by Changzhou. Premier Plus did business with Marlon to import and sell trailers manufactured by Changzhou.

50.    Rick Barnes, through his company Premier Plus, holds himself out as a seller of importer of 4 in 1® utility trailers. Rick Barnes has imported and sold 4 in 1® utility trailers manufactured by Changzhou, as well as other models of UtilityMate® trailers, in violation of the Permanent Injunction.

51.    Vince Webb told Rick Barnes about the Permanent Injunction and provided him a copy of the Permanent Injunction in an email dated August 19, 2015.

52.    After August 19, 2015, Premier Plus sold seven trailers manufactured by Changzhou to Trailer City PDX LLC.

53.    Premier Plus invoice # 504, dated August 28, 2015, reflects the sale of two trailers manufactured by Changzhou to Trailer City PDX LLC. These two trailers were manufactured by Changzhou in China in 2015 and are identical to the "4 in 1 Utility Trailer" shown in Exhibit A of the Permanent Injunction. Sale of these two trailers was prohibited by the Permanent Injunction.

54.    Premier Plus invoice # 528 dated September 21, 2015, reflects the sale of five trailers manufactured by Changzhou to Trailer City PDX LLC. These five trailers were manufactured by Changzhou in China in 2015 and are identical to the 5' x 8' "All Terrain

Trailers" shown in Exhibit A of the Permanent Injunction. Sale of these five trailers was prohibited by the Permanent Injunction.

55.     Premier Plus invoice # 250 dated December 12, 2014, reflects the sale of two trailers manufactured by Changzhou to Trailer City PDX LLC. These two trailers were manufactured by Changzhou in China and are identical to the 5' x 8' "All Terrain Trailers" shown in Exhibit A of the Permanent Injunction. Sale of these two trailers was prohibited by the Permanent Injunction.

56.     Premier Plus invoice # 256 dated January 5, 2015, reflects the sale of two trailers manufactured by Changzhou to Trailer City PDX LLC. These two trailers were manufactured by Changzhou in China and are identical to the 5' x 8' "All Terrain Trailers" shown in Exhibit A of the Permanent Injunction. Sale of these two trailers was prohibited by the Permanent Injunction.

57.     Premier Plus has sold trailers manufactured by Changzhou to many retailers, other than Trailer City PDX LLC, throughout the Northwest in violation of the Permanent Injunction.

58.     With knowledge of the Permanent Injunction, Rick Barnes has sold infringing trailers manufactured by Changzhou to retailers throughout the Northwest in violation of the Permanent Injunction.

59.     Premier Plus was also infringing Vince Webb's intellectual property in other ways. For example, Premier Plus invoice # 503 dated August 28, 2015, reflects the sale of four trailers to Trailer City PDX LLC. Each of these four trailers bears the UtilityMate® trademark. Each of these four trailers has a VIN tag purporting to show that it was manufactured by Premier Plus Enterprises. The invoice for these four trailers indicates that they were sold under the "Trailblazer" mark. Premier Plus was not the manufacturer of these four trailers. Premier Plus was not authorized by Vince Webb to put a Premier Plus VIN tag on a trailer marked with the

UtilityMate® trademark. Premier Plus was not authorized to sell UtilityMate® trailers under the "Trailblazer" mark.

60.    Premier Plus has sold infringing trailers bearing the UtilityMate® mark to many retailers, other than Trailer City PDX LLC, throughout the Northwest.

## CLAIM ONE – VIOLATION OF THE PERMANENT INJUNCTION
### (Against all Defendants)

61.    Mr. Webb repeats and realleges each of the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62.    Each Defendant had knowledge of the Permanent Injunction prior to committing acts in violation of the Permanent Injunction.

63.    Marlon USA imported and sold utility trailers in violation of the Permanent Injunction. Bruce Cameron imported and sold utility trailers in violation of the Permanent Injunction.

64.    Premier Plus imported and sold utility trailers in violation of the Permanent Injunction.

65.    Steven Resch participated with Marty Dotterweich and Premier Plus to import and sell utility trailers in violation of the Permanent Injunction.

66.    Marty Dotterweich, an agent of Changzhou, arranged for the importation of infringing trailers in violation of the Permanent Injunction.

67.    Marty Dotterweich participated with Steven Resch and Premier Plus to import and sell utility trailers in violation of the Permanent Injunction.

## CLAIM TWO – UNFAIR COMPETITION
### (Against All Defendants)

68.     Mr. Webb repeats and realleges each of the allegations contained in paragraphs 1 through 67 above as if fully set forth herein.

69.     Mr. Webb is the owner of the designs, drawings, and tooling for UtilityMate® trailers.

70.     Using Mr. Webb's designs, drawings, and tooling, Changzhou manufactured trailers for import into the United States using Mr. Webb's designs, drawings, and tooling.

71.     Marlon Canada and Bruce Cameron imported into Canada trailers manufactured by Changzhou from Mr. Webb's designs, drawings, and tooling. Marlon USA and Bruce Cameron imported into the United States trailers manufactured by Changzhou from Mr. Webb's designs, drawings, and tooling.

72.     Marlon Canada, Marlon USA, and Bruce Cameron sold trailers manufactured by Changzhou from Mr. Webb's designs, drawings, and tooling.

73.     Premier Plus Enterprises, Rick Barnes, Steven Resch, and Marty Dotterweich each trafficked in infringing utility trailers built according to Mr. Webb's designs. They were each involved in the importation of these trailers. And they each benefited from the sale of these infringing trailers.

74.     Defendants' activities have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public and injury to Mr. Webb's goodwill and reputation.

75.     Defendants activities constitute unfair competition in violation of 15 U.S.C. §1125. Vince Webb is entitled to injunctive relief and to recovery of his actual damages

## CLAIM THREE – FALSE DESIGNATION OF ORIGIN
### (Against Marlon USA, Marlon Canada, Bruce Cameron, Premier Plus Enterprises, and Rick Barnes)

76.    Mr. Webb repeats and realleges each of the allegations contained in paragraphs 1 through 75 above as if fully set forth herein.

77.    Marlon USA, Marlon Canada, and Bruce Cameron marked trailers manufactured by Changzhou according to Mr. Webb's designs with the Marlon mark falsely indicating that Marlon was the origin.

78.    Premier Plus Enterprises and Rick Barnes marked trailers manufactured by Changzhou according to Mr. Webb's designs with the Premier Plus mark falsely indicating that Premier Plus was the origin.

79.    Premier Plus Enterprises and Rick Barnes marked trailers bearing the UtilityMate® mark with the Premier Plus mark falsely indicating that Premier Plus was the origin.

80.    These acts of false designation of origin by each Defendant are likely to cause consumer confusion as to the source of these utility trailers in violation of 15 U.S.C. § 1125.

81.    These acts by each Defendant have damaged Mr. Webb's business.

## CLAIM FOUR – TRADEMARK INFRINGEMENT
### (Against Premier Plus, Steven Resch and Marty Dotterweich)

82.     Mr. Webb repeats and realleges each of the allegations contained in paragraphs 1 through 81 above as if fully set forth herein.

83.    Mr. Webb is the owner of registered trademarks including a registration for the mark 4 in 1®.

84.    Rick Barnes and Premier Plus Enterprises have been offering utility trailers for sale under the name 4 in 1® without authorization from Mr. Webb.

85.     On information and belief, Steven Resch and Marty Dotterweich have been trafficking in utility trailers using the name 4 in 1® without authorization from Mr. Webb.

86.     These unauthorized uses of Mr. Webb's 4 in 1® trademark are likely to cause consumer confusion as to the source of these utility trailers in violation of 15 U.S.C. §§ 1114 and 1125.

87.     These acts by Premier Plus Enterprises, Rick Barnes, Steven Resch, and Marty Dotterweich have damaged Mr. Webb's business.

### CLAIM FIVE – COPYRIGHT INFRINGEMENT
**(Against Marlon and Premier Plus)**

88.     Mr. Webb repeats and realleges each of the allegations contained in paragraphs 1 through 87 above as if fully set forth herein.

89.     Mr. Webb is the owner of copyrights in photographs, drawings, written materials related to UtilityMate® trailers.

90.     Marlon USA, Marlon Canada, and Bruce Cameron have advertised infringing trailers on its website copied from Mr. Webb's copyrighted images. Marlon USA, Marlon Canada, and Bruce Cameron have provided to their customers manuals and other written materials copied from Mr. Webb's copyrighted materials.

91.     Premier Plus Enterprises and Rick Barnes have sold infringing trailers marked with a safety sticker copied from Mr. Webb's copyrighted safety sticker.

92.     Upon information and belief, Premier Plus Enterprises, Rick Barnes, Marlon USA, Marlon Canada, and Bruce Cameron have provided customers with manuals and other written materials copied from Mr. Webb's copyrighted materials.

## CLAIM SIX – FRAUD
### (Against Bruce Cameron)

93.     Mr. Webb repeats and realleges each of the allegations contained in paragraphs 1 through 92 above as if fully set forth herein.

94.     Bruce Cameron represented to Vince Webb that he was not importing trailers manufactured by Changzhou and the would not in the future import trailers manufactured by Changzhou.

95.     Bruce Cameron's representation was false. Bruce Cameron knew that his representation was false at the time that he made it. Bruce Cameron made the representation with the intent that Vince Webb would rely on it. Vince Webb relied on Mr. Cameron's representation and was damaged by his reliance.

## PRAYER FOR RELIEF

WHEREFORE, Vincent L. Webb prays for the following relief:

A.     A judgment for Plaintiff against each Defendant for violation of the Permanent Injunction;

B.     A judgment for Plaintiff against each Defendant for unfair competition;

C.     A judgment for Plaintiff against Marlon and Premier Plus for false designation of origin;

D.     A judgment for Plaintiff against Premier Plus Enterprises, Rick Barnes, Steven Resch, and Marty Dotterweich for trademark infringement;

E.     A judgment for Plaintiff against Premier Plus Enterprises, Rick Barnes, Marlon USA, Marlon Canada, and Bruce Cameron and copyright infringement;

F.     A judgment for Plaintiff against Bruce Cameron for fraud;

G.      A grant of permanent injunction against Defendants enjoining them from using Plaintiff's federally registered copyrights and trademarks, or dealing in trailers the same as or confusingly similar to those designed by Mr. Webb;

H.      A judgment awarding Plaintiff compensatory and/or statutory damages;

I.      A judgment awarding Plaintiff enhanced and punitive damages;

J.      An award to Plaintiff of its costs, disbursements, and reasonable attorneys' fees incurred in this action; and

K.      Such other and further relief as may be deemed just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on all issues properly triable by a jury.

Respectfully submitted,

Dated:  December 22, 2015       By:     s/ *Stephen J. Joncus*
                                        **Stephen J. Joncus**, OSB No. 013072
                                        Email: steve@joncus.net
                                        JONCUS LAW LLC
                                        P.O. Box 838
                                        Clackamas, Oregon  97015
                                        Telephone:  971-236-1200

                                        *Attorney for Plaintiff*
                                        *VINCENT L. WEBB*